UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MOSKOVITS,

                         Plaintiff,

            -against-

FEDERAL REPUBLIC OF BRAZIL, *et al.*,

                         Defendants.

21-CV-4309 (ER)

ORDER GRANTING RECONSIDERATION

EDGARDO RAMOS, U.S.D.J.:

Plaintiff Alexander Moskovits, proceeding *pro se*, paid the relevant fees to bring this *pro se* action alleging claims of unjust enrichment, breach of contract and *quantum meruit*.  On June 14, 2021, the complaint was dismissed *sua sponte* for lack of subject matter jurisdiction.  On July 6, 2021, Plaintiff filed a motion seeking reconsideration of the dismissal order, arguing that the Court does have subject matter jurisdiction under the Foreign Sovereign Immunities Act. Plaintiff also sought reassignment of the matter to Judge Broderick.

On July 10, 2021, Plaintiff filed a notice of appeal, and the Second Circuit stayed the appeal pending the outcome of the motion for reconsideration.  This matter was subsequently assigned to my docket.  For the following reasons, the Court grants the motion for reconsideration, but denies the request that the case be reassigned to Judge Broderick.

## BACKGROUND AND DISCUSSION

Following is a summary of the allegations in Plaintiff's complaint and relevant prior litigation.[1]  Plaintiff is a dual citizen of the United States and Brazil who resides in Brazil.  He filed this lawsuit against:  (1) the Federal Republic of Brazil; (2) the three Brazilian states of

---

[1] The Court assumes familiarity with the June 14, 2021 *sua sponte* order, which provides a more detailed procedural history. (ECF 2.)

Santa Caterina, Maranhao, and Mato Grosso; CELESC of Santa Catarina, a utility; Raimundo

Colombo, a former governor of Santa Caterina; and Jorge Siega, a citizen of Brazil.  (ECF 1 ¶¶

9-15.)  Plaintiff alleges that he was not compensated for his "unique work product," which

resulted in $2 billion in "unprecedented transactions" between the Brazilian states and Bank of

America (BoA).  According to Plaintiff, these transactions "closed in New York," and were

"brokered" by BoA's "agent," Calvin Grigsby.  (*Id.* ¶ 1.)  According to Plaintiff, his services as

Grigsby's "authorized representative were misappropriated because [Plaintiff] refused to

participate in closing any transaction through foreign corrupt practices."  (*Id.*)  The complaint

sets forth claims of unjust enrichment, breach of contract, and *quantum meruit,* and seeks $7

million in compensatory damages and additional punitive damages.  Attachments to the

complaint include an unexecuted agreement and email exchanges between Plaintiff, Grigsby, and

Siega, and a $726 million agreement executed by BoA, Santa Catarina, and Brazil.  (*Id.,* Exhs. B,

E.)

On September 26, 2018, before Plaintiff filed this complaint, he filed a *pro se* complaint

in New York State Supreme Court, New York County, against Brazil and the Brazilian states;

Grigsby, BoA; Colombo, and Siega. *See Moskovits v Grigsby*, Ind. No. 650617/2019 (Sup. Ct.

N.Y. Cnty.). Brazil removed the state court action to this District under 28 U.S.C. § 1441(d).  *See

Moskovits v. Grigsby,* No. 19 Civ. 3991 (VSB) (*Moskovits I.*).  Plaintiff voluntarily dismissed the

Republic of Brazil and the Brazilian states from the action and moved to remand the matter to

the state court for lack of subject matter jurisdiction.  Judge Broderick granted the motion, and

remanded *Moskovits I* back to state court.  The state court dismissed Plaintiff's claims against

Grigsby and BoA on the merits and dismissed the claims against Siega and Colombo "without

prejudice to an action in Brazil or another forum, if appropriate." *Moskovits*, No. 650617/2019, 2020 WL 6704176, at *9.

On June 14, 2021, this matter was dismissed for lack of subject matter jurisdiction, because:  (1) if a United States citizen is domiciled abroad at the time he commences an action, 28 U.S.C. § 1332(a) does not provide a district court with diversity jurisdiction of the suit, *see* 28 U.S.C. § 1332(a); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990); and (2) the complaint did not appear to allege facts giving rise to a claim under the Court's federal question jurisdiction, 28 U.S.C. § 1331. (ECF 2.)

On July 6, 2010, Plaintiff filed a motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60, asserting that the Court has jurisdiction under the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§ 1330(a).

A.     Motion for Reconsideration

The FSIA provides the exclusive basis for obtaining subject matter jurisdiction over a foreign state.  *See* 28 U.S.C. § 1604 *et seq*.; *Argentine Republic v. Amerada Hess Shipping Corp*., 488 U.S. 428, 443 (1989); *Blue Ridge Investments, L.L.C. v. Republic of Argentina*, 735 F.3d 72, 83 (2d Cir. 2013) ("The only source of subject matter jurisdiction over a foreign sovereign or its instrumentalities in the courts of the United States is the FSIA . . . ")

Under the FSIA, a foreign sovereign is immune from suit in federal court unless a statutory exception applies.  *See* 28 U.S.C. § 1604; *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 610-11 (1992).  Plaintiff argues that Defendants are not entitled to immunity because this action falls within the "commercial activity" exception to the FSIA (ECF 1 ¶ 7), *see* 28 U.S.C. § 1605(a)(2); *Kato v. Isihara*, 360 F.3d 106, 111-14 (2d Cir. 2004) (examining the contours of the exception).  A foreign sovereign engages in commercial activity for FSIA purposes where it "exercises only those powers that can be exercised by private citizens, as

distinct from those powers peculiar to sovereigns." *Saudi Arabia v. Nelson*, 507 U.S. 349, 360

(1993) (internal citation and quotation marks omitted); *Weltover*, 504 U.S. at 614 (explaining that

in order to identify "commercial activity" for FSIA purposes, courts must ask whether "the

particular actions that the foreign state performs . . . are the *type* of actions by which a private

party engages in trade and traffic or commerce") (emphasis in original, citation omitted).

Because it is not clear whether the commercial activity exception of the FSIA applies to

the allegations in this complaint against the nonindividual defendants, the motion for

reconsideration is granted.[2]  Once the Second Circuit has lifted the stay, the Court will issue an

order directing the Clerk of Court to reopen the matter.[3]

B.    Motion for Reassignment

The motion to have this matter reassigned to Judge Broderick is denied.  This case was

randomly reassigned to my docket under Rule 4 of the Rules for the Division of Business Among

District Judges (RDB).  "As their preamble makes clear, the RDB rules 'are adopted for the

internal management of the case load of the court and shall not be deemed to vest any rights in

---

[2] The FSIA does not cover foreign officials:  "[r]eading the FSIA as a whole, there is nothing to suggest we should read "foreign state" in § 1603(a) to include an official acting on behalf of the foreign state, and much to indicate that this meaning was not what Congress enacted."  *See Samantar v. Yousuf*, 560 U.S. 305, 319 (2010).  The FSIA thus does not appear to provide a basis for jurisdiction over Colombo.

[3] Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, "[i]f a party files in the district court [certain] motions under the Federal Rules of Civil Procedure – and does so within the time allowed by those rules – the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A); *see also* Fed. R. App. P. 4(a)(4)(B)(i) (notice of appeal becomes effective when the order disposing of the last remaining motion listed in Fed. R. App. P. 4(a)(4)(A) is entered).  A party must file a motion under 59(e) and 60(b) within 28 days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(ii), (iv), (vi).  Plaintiff's civil judgment was entered on June 15, 2021, and he filed this motion on July 6, 2021.  Accordingly, the Court has jurisdiction to consider the motion.

4

litigants or their attorneys.'" *United States v. Donziger*, Nos. 19-CR-561, 11-CV-691, 2020 WL 2216556, at *4 (S.D.N.Y. May 7, 2020) (emphasis omitted); *see also United States v. Brennerman*, Nos. 17-CR-155, 15-CV-70, 2017 WL 3421397, at *10 (S.D.N.Y. Aug. 8, 2017) ("[T]he RDB vest no rights in litigants—they are for internal management only." (collecting cases)).

Insofar as Plaintiff seeks to have matter reassigned to Judge Broderick as related to *Moskovits I*, the related-case process in this District is governed by RDB 13(a)(2)(B), under which a pending civil action is presumptively not related to a closed civil action. Because *Moskovits I* is closed, this case is presumptively not related to it.[4]

## CONCLUSION

The motion for reconsideration is granted.  The Court will direct the Clerk of Court to reopen this matter once the Second Circuit lifts the stay.  The motion for reassignment is denied.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and note service on the docket, and to terminate the motion, Doc. 4.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    August 17, 2021
              New York, New York

_____
EDGARDO RAMOS
United States District Judge

---

[4] Plaintiff moved to have a prior case reassigned to Judge Broderick, and that motion was denied for the same reasons set forth here.  *See Moskovits v. Bank of America NA*, No. 20-CV-10537 (LLS), 2021 WL 467152, at *2 (S.D.N.Y. Mar. 10, 2021), *appeal pending*, 21-886 (2d Cir.).