UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MOSKOVITS,

      Plaintiff,

vs.                                                  Case No. 21-cv-04309-ER

FEDERAL REPUBLIC OF BRAZIL,
STATE OF SANTA CATARINA, BRAZIL
CELESC OF SANTA CATARINA, BRAZIL
STATE OF MARANHÃO, BRAZIL
STATE OF MATO GROSSO, BRAZIL
RAIMUNDO COLOMBO,
JORGE SIEGA, and
DOES 1 through 10, inclusive,

      Defendants.
_____/

## NOTICE OF APPEAL

*Pro se* Plaintiff Alexander Moskovits hereby files his Notice of Appeal to the U.S. Court of Appeals for the Second Circuit from the Order issued by United States District Court Judge Edgardo Ramos dated March 23, 2023 improperly dismissing the complaint pursuant to Rule 4(m), Fed.R.Civ.P., which "does not apply to service in a foreign country" on sovereign states or foreign individuals residing abroad, and misapplying Rule 15, Fed.R.Civ.P., to bar plaintiff from amending an action for attempted extrajudicial murder based on the same allegations made in the complaint. *See Doe v. Constant*, 2006 U.S. Dist. LEXIS 101961, *10  (S.D.N.Y.). The complaint has been wrongly dismissed before any of the defendants could be served.

Executed on April 21, 2023

                                                      Respectfully submitted,

                                                      *[signature]*

                                                      Alexander Moskovits
                                                      Caixa Postal 44
                                                      Paulo Lopes, Santa Catarina
                                                      CEP 88490-970 BRASIL
                                                      Tel.: (55)(48)98465.9211
                                                      Email: alexander.moskovits@hotmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MOSKOVITS,

                Plaintiff,

v.

FEDERAL REPUBLIC OF BRAZIL, STATE OF SANTA CATERINA, BRAZIL, CELSC OF SANTA CATARINA, BRAZIL, STATE OF MARANHAO, BRAZIL, STATE OF MATO GROSSO, BRAZIL, RAIMUNDO COLOMBO, JORGE SIEGA, *and* DOES 1 THROUGH 10,

                Defendants.

**ORDER**

21-cv-4309 (ER)

RAMOS, D.J.

    This action was initially filed by Alexander Moskovits, a *pro se* plaintiff, on May 10, 2021.  Doc. 1.  Judge Laura Taylor Swain dismissed the complaint for lack of subject matter jurisdiction on June 14, 2021.  Doc. 2.  In the order of dismissal, the Court indicated that the action was frivolous.  *Id.*

    On July 6, 2021, Moskovits moved for reconsideration and for the reassignment of the case to Judge Broderick.  Doc. 4.  Moskovits also appealed the judgment to the Second Circuit.  Doc. 5.  While the appeal was pending, the case was reassigned to the undersigned.  Min. Entry dated Aug. 13, 2021.  Several days later, on August 17, 2021, the Court granted Moskovits' motion for reconsideration.  Doc. 8.  The Court indicated that "[o]nce the Second Circuit ha[d] lifted the stay, the Court w[ould] issue an order directing the Clerk of Court to reopen the matter."  *Id.* at 4.

Thereafter on September 17, 2021, Moskovits wrote the Second Circuit to state that he no longer wished to pursue his appeal in light of this Court's ruling. Doc. 9. The Second Circuit construed the letter as a motion to withdraw the appeal, and the mandate issued on September 20, 2021. *Id.*

The next day, on September 21, 2021, the Court issued a short order respectfully directing the Clerk of Court to reopen the case and issue summonses, and it also directed Moskovits to serve the complaint. Doc. 10. Summons issued as to all defendants on September 23, 2021, and an information package was mailed to Moskovits the same day. Doc. 11; Doc. 12. The package included a copy of the Court's order, the individual practices of the undersigned, instructions for *pro se* litigants, a form for consent to receive court filings electronically, and the summonses. Doc. 12.

Moskovits did not serve the complaint as ordered by the Court. Rather, a year and a half after the Court issued its order, he filed an amended complaint.[1] Doc. 13.

The Court dismisses this case for failure to serve the defendants pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

The 90-day period under Rule 4(m) elapsed here; indeed, nearly a year and a half passed since the Court ordered Moskovits to effectuate service, and there is no evidence that he did so. Additionally, the period within which Moskovits could have amended his complaint long

---

[1] Both the complaint and the amended complaint seek quasi-contract relief. Doc. 1 ¶¶ 83–92; Doc. 13 ¶¶ 48–63. The amended complaint set forth an additional count pursuant to 28 U.S.C. § 1350, which provides that "district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."

2

expired. Fed. R. Civ. P. 15 (indicating that a party "may amend its pleading once as a matter of course" within 15 days or 21 days after a responsive pleading is filed, "whichever is earlier"). Accordingly, the Court dismisses Plaintiff's action without prejudice.

    The Clerk of Court is respectfully directed to close the case.

    It is SO ORDERED.

Dated: March 23, 2023
       New York, New York

_____
Edgardo Ramos, U.S.D.J.