UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MOSKOVITS,

                Plaintiff,

– against –

FEDERAL REPUBLIC OF BRAZIL, STATE OF SANTA CATERINA, BRAZIL, CELESC OF SANTA CATARINA, BRAZIL, STATE OF MARANHAO, BRAZIL, STATE OF MATO GROSSO, BRAZIL, RAIMUNDO COLOMBO, JORGE SIEGA, and DOES 1 THROUGH 10,

                Defendants.

**OPINION & ORDER**

21-cv-4309 (ER)

RAMOS, D.J.:

In an order dated February 20, 2024, this Court directed Alexander Moskovits—who is proceeding pro se—to either show that he attempted to serve the defendants in Brazil or to show good cause for his failure to serve the defendants. Doc. 18. Moskovits has submitted a declaration discussing his efforts to serve the defendants. Doc. 21. He has also requested the recusal of the undersigned. Doc. 22. The Court addresses each issue in turn.

**I.  BACKGROUND**

The Court previously dismissed this action based on Moskovits's failure to serve the defendants within ninety days pursuant to Federal Rule of Civil Procedure 4(m). Doc. 14. On appeal, the Second Circuit concluded that the Court abused its discretion by dismissing the case under Rule 4(m) without providing advance notice to Moskovits. *Moskovits v. Fed. Republic of Brazil*, No. 23-699, 2024 WL 301927, at *1 (2d Cir. Jan. 26, 2024); *see* Doc. 17. The Second Circuit vacated and remanded for this Court to give Moskovits an opportunity to show good cause for his failure to serve. *Moskovits*, 2024 WL 301927, at *1. The court also explained that if Moskovits had attempted to serve the

defendants in Brazil, he would qualify for Rule 4(m)'s exception to the ninety-day timeline, rendering the good cause analysis unnecessary. *Id.* at *1 n.2.[1]

Moskovits has now submitted a declaration discussing his service efforts. Doc. 21. He states that a complaint identical to the one filed in this action was previously filed against the same Brazilian defendants in New York state court in December 2018. *Id.* ¶ 1. According to Moskovits, those defendants were served in Brazil, and they subsequently removed the case to federal court. *Id.* ¶¶ 2–3; *see Moskovits v. Grigsby*, No. 19 Civ. 3991 (VSB) (S.D.N.Y.), Doc. 1. Moskovits asserts that the foreign states—that is, the Federative Republic of Brazil, the state of Santa Catarina, the state of Maranhão, and the state of Mato Grosso—were represented by Arnold & Porter LLP in state and federal court, while the individual defendants failed to appear. Doc. 21 ¶ 4. Moskovits agreed to dismiss the complaint against the foreign states without prejudice in support of his motion to remand the case to state court. *Id.*; *see Grigsby*, No. 19 Civ. 3991 (VSB), Doc. 58 at 5–6 (remanding the case to state court and noting that the original grounds for removal no longer existed after Moskovits voluntarily dismissed the foreign states).

This case was filed on May 10, 2021. Doc. 1. It was initially dismissed for lack of subject matter jurisdiction. Doc. 2. Moskovits moved for reconsideration of the dismissal, Doc. 4, and filed a notice of appeal, Doc. 5. The Second Circuit stayed the appeal pending resolution of the motion for reconsideration. Doc. 6. This Court then granted the motion for reconsideration and stated that it would reopen the matter once the Second Circuit lifted the stay. Doc. 8.

The Second Circuit granted Moskovits's request to withdraw the appeal on September 20, 2021. Doc. 9. The next day, this Court directed the Clerk's Office to reopen the case and issue summonses. Doc. 10. The Court also directed Moskovits to

---

[1] The Second Circuit denied Moskovits's request to reassign the case on remand. *Moskovits*, 2024 WL 301927, at *2.

serve the complaint. *Id.*[2] Summonses were issued for all defendants on September 23, 2021, Doc. 11, and were mailed to Moskovits along with an information package, Doc. 12. There was no further activity on the docket until March 2023, when Moskovits filed an amended complaint. Doc. 13.

Moskovits states that he did not receive the Court's order and the summonses until early February 2022 "due to complications caused by the protracted COVID-19 outbreak in Brazil." Doc. 21 ¶ 9 (emphasis omitted). Moskovits then "immediately attempted to serve the Brazilian state defendants" by contacting the Arnold & Porter attorney who had represented them in *Grigsby*. *Id.* ¶ 10. That attorney informed Moskovits that he was not representing any of the defendants in this proceeding and that he was not authorized to accept service on their behalf. *Id.* ¶ 11.

Additionally, Moskovits states that he attempted to serve the foreign states by visiting their offices in person. *Id.* ¶¶ 12–13. His visits were postponed until February 2023, however, due to COVID-19 complications and travel distance. *Id.* ¶ 13. The staff at those state offices informed Moskovits that they would not accept hand-delivered service and that Brazilian law barred him from personally serving his complaint. *Id.* ¶ 14.[3]

---

[2] Moskovits asserts that he read this order "literally," interpreting it to mean that he himself had to serve the complaint. Doc. 21 ¶ 12. For the avoidance of doubt, the Court clarifies that Moskovits need not—and may not—serve the complaint himself. Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies *to the person who makes service*." Fed. R. Civ. P. 4(c)(1) (emphasis added); *see also* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). *See generally, e.g.*, *Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, No. 22 Civ. 4213 (KMK), 2024 WL 1217528, at *6 (S.D.N.Y. Mar. 19, 2024) ("[P]arties are ineligible to serve their own process under Rule 4(c)(2)." (citation omitted)).

[3] Moskovits has also submitted a declaration from Deborah Fleischman, a civil lawyer licensed to practice in Brazil. Doc. 23 ¶ 1. Fleischman states that "only a lawyer duly licensed to practice in the Courts of Brazil has the capacity to take the necessary steps, through the civil courts, to serve Summonses and a Complaint on defendants in accordance with Articles 246 and 249 of the Brazilian Civil Procedure Code." *Id.* ¶ 4 (emphases omitted).

II.  **SERVICE**

A.  **Service Deadline**

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure to serve, "the court must extend the time for service for an appropriate period." *Id.* The requirements of Rule 4(m), however, "do[] not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)."[4] *Id.*; *see also Moskovits*, 2024 WL 301927, at *1 n.2 ("If it turns out that Moskovits *did* attempt service in Brazil, then he qualifies for the exception to the 90-day timeline and there is no need to reach the good cause analysis.").

Moskovits's declaration indicates that he attempted to serve the foreign state defendants by contacting the attorney who represented them in *Grigsby*, Doc. 21 ¶¶ 10–11, and by personally visiting the offices of the foreign states, *id.* ¶¶ 13–14. Because it appears that Moskovits attempted to serve the foreign state defendants in Brazil, the Court will not dismiss Moskovits's claims against those defendants under Rule 4(m). *See Moskovits*, 2024 WL 301927, at *1 n.2. Even under Rule 4(m)'s exception, however, "a plaintiff does not have unlimited time to serve a defendant in a foreign country." *In re Bozel S.A.*, No. 16 Civ. 3739 (ALC), 2017 WL 3175606, at *3 (S.D.N.Y. July 25, 2017); *see also id.* at *2 ("The plaintiff has the burden of proof in showing that it exercised due diligence in not timely serving the defendant."). Accordingly, if Moskovits has not served the foreign state defendants by September 5, 2024, he shall provide the Court with a status letter detailing his efforts to do so.

---

[4] Rule 4(f) applies to serving an individual in a foreign country; Rule 4(h)(2) applies to serving a corporation, partnership, or association in a foreign country; and Rule 4(j)(1) applies to serving a foreign state or its political subdivision, agency, or instrumentality.

In addition, it is not clear from Moskovits's declaration whether he attempted to serve the individual defendants—Raimundo Colombo and Jorge Siega—and defendant CELESC of Santa Catarina. By September 5, 2024, Moskovits shall advise the Court whether he attempted to serve those defendants in Brazil or show good cause for his failure to do so. If he does not, the claims against those defendants will be dismissed pursuant to Rule 4(m).

### B. Method of Service on the Foreign States

With respect to the method of service, Moskovits asserts that he should be allowed to serve the foreign state defendants through their counsel at Arnold & Porter. Doc. 21 ¶ 20. Service on Arnold & Porter should be permitted, in his view, because the firm provided counsel on the deals at issue in this lawsuit and represented the foreign state defendants in state and federal court. *Id.*[5]

Under Rule 4(j), "[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j)(1). Section 1608(a), in turn, sets out four methods for serving a foreign state or its political subdivision:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together

---

[5] As an aside, it is not clear that Arnold & Porter represented all the foreign state defendants in the prior action. The *Grigsby* docket lists Arnold & Porter attorney Daniel Bernstein as counsel for Brazil—but not for the Brazilian states (that is, the states of Santa Catarina, Maranhão, and Mato Grosso). The notice of removal in *Grigsby* stated that "the Federative Republic of Brazil . . . hereby removes the above-captioned action." *Grigsby*, No. 19 Civ. 3991 (VSB), Doc. 1 at 1. Furthermore, Bernstein and the other Arnold & Porter attorneys in the signature block were listed as "Attorneys for the Federative Republic of Brazil." *Id.* at 5. There is no indication that Arnold & Porter was representing the Brazilian states as well. In any event, service on Arnold & Porter is not permissible because it would not comply with 28 U.S.C. § 1608(a), as discussed below.

> with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

§ 1608(a). These four methods of service are listed "in descending order of preference." *Doe v. Fed. Republic of Germany*, No. 23 Civ. 06395 (VSB) (GS), 2023 WL 6785813, at *8 (S.D.N.Y. Oct. 13, 2023) (citation omitted). As a result, "plaintiffs must attempt each method of service, or determine it is unavailable, before moving on to other methods, in the order in which they are laid out in the statute." *Id.* (internal quotation marks and citation omitted).

None of the statute's provisions contemplate service through an email to counsel. *Cf. Bleier v. Bundesrepublik Deutschland*, No. 08 Civ. 06254 (EEC), 2011 WL 4626164, at *6 (N.D. Ill. Sept. 30, 2011) (concluding that plaintiffs should not have been granted leave to serve foreign state by emailing summons and complaint to counsel). Moskovits thus is not permitted to serve the foreign state defendants through attorneys at Arnold & Porter. Instead, he must comply with the requirements of § 1608(a). *See generally, e.g.*, *Doe*, 2023 WL 6785813, at *8 ("Courts have been unequivocal that § 1608(a) mandates *strict adherence* to its terms, not merely substantial compliance." (citation omitted)).[6]

---

[6] The cases cited by Moskovits, Doc. 21 ¶ 20, are not analogous because they involve service on individuals in foreign countries under Rule 4(f) rather than service on foreign states under Rule 4(j)(1) and § 1608(a). *See Equipav S.A. Pavimentação, Engenharia e Comercia Ltda. v. Bertin*, No. 22 Civ. 4594 (PGG), 2022 WL 2758417, at *1–2 (S.D.N.Y. July 14, 2022); *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14 Civ. 9913 (KMK), 2015 WL 3457452, at *4–6 (S.D.N.Y. June 1, 2015).

### III. RECUSAL

Moskovits also seeks the recusal of the undersigned pursuant to 28 U.S.C. §§ 144 and 455(a). Doc. 22. He has submitted an affidavit in support of that request. *Id.*

Under § 144, "a judge should recuse himself when a party has filed a 'timely and sufficient affidavit' showing that the judge has 'a personal bias or prejudice' against the party or in favor of an adverse party." *Keesh v. Quick*, No. 19 Civ. 08942 (PMH), 2022 WL 2160127, at *9 (S.D.N.Y. June 15, 2022) (quoting § 144). To warrant recusal, an affidavit must "show the objectionable inclination or disposition of the judge; it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* (quoting *Williams v. N.Y.C. Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003)). Under § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The court asks: "[W]ould an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *Keesh*, 2022 WL 2160127, at *9 (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)). The substantive inquiry is the same under § 144 and § 455. *Rothstein v. Fung*, No. 03 Civ. 674 (MGC), 2003 WL 22829111, at *2 (S.D.N.Y. Nov. 26, 2003). With respect to timing, "both a motion for disqualification and one for recusal must be filed at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Keesh*, 2022 WL 2160127, at *9 (internal quotation marks and citation omitted).[7]

"Recusal motions are committed to the discretion of the judge who is being asked to recuse himself." *Weston Cap. Advisors, Inc. v. PT Bank Mutiara Tbk.*, No. 13 Civ.

---

[7] Section 144 provides that the affidavit in support of recusal must be accompanied by "a certificate of counsel of record stating that it is made in good faith." Some courts have found that pro se litigants may not submit affidavits under § 144 because they cannot provide a certificate of counsel. *See, e.g.*, *Sweigert v. Goodman*, No. 18 Civ. 8653 (VEC), 2019 WL 11662227, at *2 (S.D.N.Y. Aug. 20, 2019). Nevertheless, the Court will address the merits of Moskovits's assertions "in the interest of allowing Plaintiff the chance to be heard." *Id.*; *see also Rothstein*, 2003 WL 22829111, at *2 (noting that pro se plaintiffs' § 144 motion "may be procedurally flawed" but considering the merits anyway because § 455 does not require a certificate of counsel and the substantive inquiry is the same under both provisions).

6945 (PAC), 2019 WL 6002221, at *2 (S.D.N.Y. Sept. 20, 2019). "The Court has an affirmative duty not to disqualify itself unnecessarily." *Id.* at *3. In other words, "a judge is as much obliged not to recuse himself when it is not called for as he is obliged to recuse when it is called for." *Id.*

Moskovits asserts that recusal is necessary because of the undersigned's "deep ties" to Simpson Thacher & Bartlett LLP. Doc. 22 at 1. He states that his amended complaint "mentioned for the first time the partnership between [Simpson Thacher] and the family of Brazilian Federal Senator Renan Calheiros, who published the guarantee structure that was Plaintiff's novel idea to enable sources of financing to extend private credit to Brazilian subsovereign states and to support the issuance of 'Global Bonds' for investors." *Id.* at 2 (citing Doc. 13 ¶¶ 37–39). Moskovits contends that the undersigned improperly dismissed the action "because it is in the personal interest of Judge Ramos to cover up the involvement of [Simpson Thacher's] partners in the corrupt misappropriation of Plaintiff's unique work product that was followed by the attempted extrajudicial killing of Plaintiff." *Id.* at 3. According to Moskovits, moreover, the undersigned—along with the judge who presided over the related state court case—"circumvented the normal process of random judicial selection to 'catch and kill' Plaintiff's related actions, a surreptitious technique used to prevent Plaintiff from publicly revealing information damaging to [Simpson Thacher] and Bank of America Merrill Lynch, identified as a major client in the [Simpson Thacher] website." *Id.* Moskovits alleges that this conduct "shows a clear bias or prejudice against Plaintiff." *Id.*

These assertions do not provide any basis for recusal. The undersigned was employed by Simpson Thacher from 1987 to 1992. Simpson Thacher has no involvement in this case except for the tangential connection alleged by Moskovits. And Moskovits's claim that the undersigned is motivated to "cover up" Simpson Thacher's alleged role is wholly unfounded. The fact that the undersigned worked at Simpson Thacher over thirty years ago does not warrant recusal. *Cf. Est. of Ginor v. Landsberg*, No. 95 Civ. 3998

(LBS), 1997 WL 414114, at *3 (S.D.N.Y. July 24, 1997) ("[W]e may refer to several cases for the proposition that a judge's prior association with a law firm does not require recusal in all instances where that firm is connected to litigation before the judge."); *SEC v. Grossman*, 887 F. Supp. 649, 659 (S.D.N.Y. 1995) ("The mere fact that the Magistrate Judge once worked at [a law firm that was not an adverse party in the litigation] provides no reasonable basis to question his impartiality in this case.").

Moskovits's contention that the undersigned has "circumvented the normal process of random judicial selection" is also without merit. This case was randomly assigned to the undersigned under Rule 4 of this District's Rules for the Division of Business Among District Judges. *See* Doc. 8 at 4. Moskovits previously sought to have this case reassigned to Judge Broderick as related to *Grigsby*. *Id.* at 5. But the undersigned denied that request because *Grigsby* was closed, and a pending civil action is presumptively not related to a closed civil action under the Rules for the Division of Business. *Id.*[8]

To the extent that Moskovits relies on the undersigned's decision to dismiss his complaint as a basis for recusal, that argument fails as well. As other courts have explained, "[a]ppeal, not recusal, is the appropriate remedy for unfavorable rulings and/or outcomes in a proceeding." *McCrary v. Lee*, No. 12 Civ. 2867 (SJF), 2013 WL 5937420, at *2 (E.D.N.Y. Oct. 29, 2013); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Moskovits has already followed that process and successfully appealed the dismissal of the action. In remanding the case to this Court, the Second Circuit rejected Moskovits's request to have the matter reassigned to another judge. *Moskovits*, 2024 WL 301927, at *2.

---

[8] Judge Stanton denied a similar request from Moskovits in another case for the same reasons. *Moskovits v. Bank of Am. NA*, No. 20 Civ. 10537 (LLS), 2021 WL 467152, at *2 (S.D.N.Y. Feb. 7, 2021) (denying Moskovits's request to have the matter referred to Judge Broderick as related to *Grigsby*).

Under these circumstances, the Court concludes that "no objective person would reasonably question the Court's impartiality." *Weston*, 2019 WL 6002221, at *4. Accordingly, there is no basis for recusal.

## IV. CONCLUSION

For the foregoing reasons, Moskovits's request for the recusal of the undersigned is DENIED. By September 5, 2024, if Moskovits has not yet served the defendants, he shall provide the Court with a status letter detailing his efforts to do so. By that same date, Moskovits shall also advise the Court whether he attempted to serve the individual defendants and CELESC of Santa Catarina in Brazil or show good cause for his failure to do so.

The Clerk of Court is respectfully directed to mail a copy of this order to Moskovits.

It is SO ORDERED.

Dated:   June 4, 2024
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.